**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2146**

TINY MOORE MYERS,

        Plaintiff - Appellant,

      v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Kimberly Anne Swank, Magistrate Judge. (7:16-cv-00090-KS)

Submitted: August 30, 2018               Decided: September 6, 2018

Before WILKINSON, KING, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William Lee Davis, III, Lumberton, North Carolina, for Appellant. Robert J, Higdon, Jr., United States Attorney, G. Norman Acker, Assistant United States Attorney, Stephen F. Dmetruk, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tiny Moore Myers appeals the magistrate judge's order upholding the Administrative Law Judge's (ALJ) denial of Myers' applications for disability insurance benefits and supplemental security income.[*] "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Myers' claims for benefits, and the ALJ's factual

---

[*] The parties agreed to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) (2012).

findings are supported by substantial evidence. Accordingly, we affirm the magistrate judge's order upholding the denial of benefits. *See Myers v. Berryhill*, No. 7:16-cv-00090-KS (E.D.N.C. Sept. 1, 2017). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*